UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD HOWARTH,

    Plaintiff,

v.                                    Case No. 8:18-cv-2134-T-AAS

CITY OF NEW PORT RICHEY,

    Defendant.
_____/

## ORDER

The City of New Port Richey moves to dismiss Ronald Howarth's third amended complaint. (Doc. 3). Mr. Howarth opposes the City's motion. (Doc. 6). Because Mr. Howarth's third amended complaint fails to allege a plausible claim for relief under federal law, the City's motion to dismiss is **GRANTED**.

### I.    FACTUAL ALLEGATIONS

Mr. Howarth is a resident of Pasco County, Florida. (Doc. 1-1, ¶2). He owns multiple properties, including houses and mobile homes, in Pasco County, and he leases those properties to tenants. (*Id.* at ¶5). City officials and agencies have harassed Mr. Howarth about his rental properties for several years. (*Id.* at ¶6).

On January 9, 2014, the City arrested Mr. Howarth for burglary of an occupied dwelling. (*Id.* at ¶11). The dwelling Mr. Howarth allegedly burglarized was a mobile home and apartment he owned in New Port Richey. (*Id.* at ¶10). The City incarcerated Mr. Howarth, and he had to post a $10,000 bond. (*Id.* at ¶13). The state

1

attorney later "filed a No Information on the case." (Doc. 1-1, ¶14). Mr. Howarth suffered emotional pain, suffering, mental anguish, and loss of the enjoyment of life because of the City's actions. (*Id.* at ¶21).

## II. PROCEDURAL HISTORY

Mr. Howarth first sued the City in state court. (Doc. 1 in *Howarth v. City of New Port Richey*, 8:18-CV-956-23TGW (*Howarth I*)). His second amended complaint alleged the City committed false arrest and violated his due-process rights under the Fifth and Fourteenth Amendments. (Doc. 4 in *Howarth I*). Mr. Howarth brought his federal-law claim under 42 U.S.C. Section 1983. (*Id.*).

The City removed Mr. Howarth's second amended complaint to this court. (Doc. 1 in *Howarth I*). The City moved to dismiss Mr. Howarth's second amended complaint. (Doc. 5 in *Howarth I*). This court remanded Ms. Howarth's case to state court because he failed to allege a claim under federal law. (Doc. 9 in *Howarth I*).

Mr. Howarth submitted a third amended complaint in state court. (Doc. 1-1). Mr. Howarth's third amended complaint alleges false arrest under Florida law and unreasonable search and seizure under the Fourth Amendment. (*Id.*). The City removed Mr. Howarth's third amended complaint to this court again and moved to dismiss his current complaint. (Docs. 1, 3). Mr. Howarth opposes the City's motion, which this order will now address.

## III. LEGAL STANDARD

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss,

2

the complaint must include enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

The court must accept factual allegations in the complaint as true and view them most favorably to the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010) (citation omitted). Although a complaint need not contain detailed factual allegations, conclusory allegations are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 55, 570 (citations omitted); *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Iqbal*, 556 U.S. at 679.

A court may properly dismiss a complaint that rests on "conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts." *Infante v. Bank of Am. Corp.*, 468 F. App'x 918, 919 (11th Cir. 2012) (citations omitted). When ruling on a motion to dismiss, the court is limited to analyzing the four corners of the complaint. *See Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002) (citations omitted) (stating when a judge considers matters outside the pleadings, a Rule 12(b)(6) motion to dismiss is converted to a Rule 56 motion for summary judgment).

\* \* \*

## IV. ANALYSIS

Mr. Howarth's third amended complaint alleges false arrest and a Fourth Amendment violation. (Doc. 1-1). This order will first address Mr. Howarth's claim under the Fourth Amendment.

### A. Municipality's Policy or Custom

No person acting under color of law, including municipalities and local governments, may violate an individual's constitutional rights. 42 U.S.C. § 1983; *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). That said, a municipality cannot be held liable under the theory of respondeat superior—the doctrine that holds an employer responsible for an employee's wrongful acts committed within the scope of employment. *Monell*, 436 U.S. at 691; *Black's Law Dictionary* 1505 (10th ed. 2014). A Section 1983 plaintiff must instead allege the local government has an official policy or custom that resulted in a violation of the plaintiff's federal rights. *Monell*, 435 U.S. at 694–95.

Naked assertions that a municipality or county has a policy or custom are insufficient to state a plausible claim for relief under Section 1983. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1329–30 (11th Cir. 2015) (citations omitted) (holding that a single incident by two deputies failed to sufficiently allege a policy or custom under Section 1983); *see also Hoefling v. City of Miami*, 811 F.3d 1271, 1280 (11th Cir. 2016) (holding that allegations of "systematic roundup" as part of a "cleanup" program" partly constituted enough for a custom or policy under Section 1983); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality)

(holding that one incident is insufficient to impose liability against a municipality when the city's policy is itself constitutional).

Mr. Howarth does not allege the City has a custom or policy that resulted in a violation of his constitutional rights. His third amended complaint alleges:

> 6. For the past several years, HOWARTH has been the subject of harassment by various city officials and agencies with regard to his rental properties.

(Doc. 1-1, ¶6). This conclusory allegation is not enough to plausibly allege the City has a policy or custom that resulted in a violation of Mr. Howarth's constitutional rights, specifically his right against unreasonable seizure under the Fourth Amendment. Mr. Howarth's third amended complaint, therefore, fails to state a claim for relief under Section 1983.

### B. Legal Sufficiency of Fourth-Amendment Claim

Mr. Howarth alleges the City violated his Fourth-Amendment rights. (Doc. 1-1). His third amended complaint specifically alleges:

> 19. Defendant's false arrest and incarceration of Plaintiff deprived Plaintiff of his constitutional right to protection against an unreasonable seizure under the Fourth Amendment to the United States Constitution.
>
> 20. Defendant acted under the color of law when it falsely arrested and incarcerated Plaintiff.

(Doc. 1-1, ¶¶19–20). The Fourth Amendment protects individuals and their property from unreasonable searches and seizures. U.S. Const. amend. IV. False arrest is a violation of the Fourth Amendment and a viable claim under Section 1983. *Ortega v. Christian*, 85 F.3d 1521, 1525–26 (11th Cir. 1996). A false-arrest claim (under the

Fourth Amendment) exists when an arrest occurs without a warrant and without probable cause. *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010).

Mr. Howarth's third amended complaint fails to allege enough facts to plausibly claim the City arrested him in violation of the Fourth Amendment. His third amended complaint includes no allegations that the City arrested him without a warrant and without probable cause. Mr. Howarth therefore fails to state a plausible claim for relief for a Fourth-Amendment violation.

C.     **Supplemental Jurisdiction over State-Law Claim**

A district court may decline to exercise supplemental jurisdiction over state-law claims if the court dismisses all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c); *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352–53 (11th Cir. 1997) (stating that state-law claims are best resolved by state courts when the district court dismisses all federal-law claims before trial) (citations omitted). When determining whether to exercise supplemental jurisdiction under Section 1367, the district court considers judicial economy, convenience, fairness, and comity. *Baggett*, 117 F.3d at 1353 (citations omitted). The decision to exercise supplemental jurisdiction is within the court's discretion. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004) (citation omitted).

Mr. Howarth's third amended complaint fails to state a plausible claim for relief under federal law. This order therefore need not address the legal sufficiency of his false-arrest claim under Florida law. Mr. Howarth will have one more chance to amend his complaint to allege a federal claim. If his next amended complaint fails

to state a plausible claim for relief under federal law, the court will not exercise supplemental jurisdiction over his state-law claim.

### D. Shotgun Pleadings

Mr. Howarth's third amended complaint includes the following allegations:

9. Plaintiff hereby realleges the allegations of paragraphs one (1) through eight (8) as if fully restated herein.

. . .

18. Plaintiff hereby realleges the allegations of paragraphs one (1) through 8) as if fully restated herein.

(Doc. 1-1, ¶¶9, 18). Pleading allegations in this way is characterized as a shotgun pleading. In shotgun pleadings, "each count adopts the allegations of all preceding counts." *Weiland*, 792 F.3d at 1321–23 (footnotes omitted). Shotgun pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (footnote omitted).

This court previously warned Mr. Howarth about impermissible shotgun pleadings in his second amended complaint. (Doc. 9 in *Howarth I*). Mr. Howarth, however, failed to heed this court's warning when he drafted his third amended complaint. To provide adequate notice to the City of Mr. Howarth's claims, his fourth amended complaint must not include allegations incorporating preceding paragraphs.

\* \* \*

## V. CONCLUSION

Mr. Howarth's third amended complaint fails to state a plausible claim for relief under federal law, specifically Section 1983. The City's motion to dismiss Mr. Howarth's third amended complaint (Doc. 3) is **GRANTED**.

Mr. Howarth may submit a fourth amended complaint. If he chooses to do so, Mr. Howarth must submit his amended complaint by **March 29, 2019**. Failure to submit an amended complaint by **March 29th** will result in an order remanding his state claim to state court.

**ENTERED** in Tampa, Florida, on March 5, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge