UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD HOWARTH,

    Plaintiff,

v.                                                     Case No. 8:18-cv-2134-T-AAS

CITY OF NEW PORT RICHEY,

    Defendant.
_____/

## ORDER

The city of New Port Richey (the City) moves to dismiss Ronald Howarth's fourth amended complaint. (Doc. 23). Ronald Howarth opposes the City's motion. (Doc. 25). Because Mr. Howarth properly alleges he provided adequate notice under Florida Statute and his fourth amended complaint alleges plausible claims for relief under federal and state law, the City's motion to dismiss is **DENIED.**

### I. FACTUAL ALLEGATIONS

Mr. Howarth is a resident of Pasco County, Florida. (Doc. 21, ¶2). He owns many houses and mobiles homes, which he leases to residential tenants. (*Id*. at ¶5). Mr. Howarth alleges various officials and agencies of the City have had a custom or policy of harassing him for several years. (*Id*. at ¶5). According to Mr. Howarth, this policy manifested itself in these examples:

(1) the City demolished one of Mr. Howarth's rental properties;

1

(2) the City wrongfully ordered Mr. Howarth to remove one of his mobile home trailer frames and prevented him from making repairs under threat of arrest;

(3) the City prevented Mr. Howarth from making repairs to a separate mobile home under threat of arrest for trespass;

(4) the City arrested Mr. Howarth for burglary after he entered one of his vacant rental properties;

(5) the City submitted an inaccurate police report to the Pasco County State Attorney's Office leading to Mr. Howarth's arrest and incarceration for violating an injunction;

(6) the City advised another citizen to use deadly force against Mr. Howarth;

(7) the City advised Mr. Howarth's tenants not to pay him rent;

(8) the City failed to follow up on fingerprint evidence submitted by Mr. Howarth about a burglary on his property;

(9) the City ignored reported elder abuse and hate crimes perpetrated against Mr. Howarth;

(10) the City failed to investigate evidence submitted by Mr. Howarth pertaining to arsons within their community; and

(11) the City issued a violation to a contractor for repairing one of Mr. Howarth's mobile homes. (*Id.* at ¶6 (A)–(L)).

In his latest complaint, Mr. Howarth pleads a claim for false arrest and violation of his Fourth Amendment rights when the City arrested him for burglary of an occupied dwelling on January 9, 2014. (*Id.* at ¶8). This dwelling (a rental unit),

was owned by Mr. Howarth when he allegedly burglarized it. (*Id.* at ¶7). The dwelling was not rented. (*Id.* at ¶9). To secure his release, Mr. Howarth posted a $10,000 bond. (*Id.* at ¶11). The state attorney later filed a "No Information" on the case. (*Id.* at ¶12). Mr. Howarth suffered physical and psychological harm, damage to his reputation, and monetary damages as result of the City's actions. (*Id.* at ¶15).

## II. PROCEDURAL HISTORY

Mr. Howarth sued the City in state court on June 23, 2016. (Doc. 1 in *Howarth v. City of New Port Richey*, 8:18-CV-956-23TGW (*Howarth I*)). His second amended complaint alleged the City falsely arrested him and violated his due process rights under the Fifth and Fourteenth Amendments. (Doc. 4 in *Howarth I*). Mr. Howarth brought his federal law claim under 42 U.S.C. § 1983. (*Id.*). The City removed Mr. Howarth's second amended complaint to this court. (Doc. 1 in *Howarth I*). The City moved to dismiss Mr. Howarth's second amended complaint. (Doc. 5 in *Howarth I*). Mr. Howarth never responded to the City's motion. This court remanded Mr. Howarth's case to state court because he failed to allege a claim under federal law. (Doc. 9 in *Howarth I*).

Mr. Howarth submitted a third amended complaint in state court. (Doc. 1-1). Mr. Howarth's third amended complaint alleged false arrest under Florida law and unreasonable search and seizure under the Fourth Amendment. (*Id.*). The City removed Mr. Howarth's third amended complaint to this court again and moved to dismiss the third amended complaint. (Docs. 1, 3). This court dismissed the third

3

amended complaint because Mr. Howarth failed to allege a claim under federal law.[1] (Doc. 20).

Mr. Howarth timely submitted a fourth amended complaint to this court. (Doc. 21). Mr. Howarth's fourth amended complaint alleges false arrest under Florida law and unreasonable search and seizure under the Fourth Amendment. (*Id*.). The City has moved to dismiss Mr. Howarth's current complaint, and Mr. Howarth opposes the City's motion. (Doc. 23, 25).

### III.  LEGAL STANDARD

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must include enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

The court must accept factual allegations in the complaint as true and view them most favorably to the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237,

---

[1] The court previously explained to the plaintiff that the pleadings were not to include "allegations incorporating preceding paragraphs." (Doc. 20 at p. 7). As the defendant noted in their motion to dismiss, the plaintiff again used allegations that incorporated proceeding paragraphs. (Doc. 23 at p. 11). Since the previous motion to dismiss, Chief Judge Merryday issued an opinion that explained that paragraphs that incorporate preceding general factual allegations, and not all allegations (including general fact allegations and allegations to each specific count), are not impermissible shotgun pleadings. *Healthplan Services, Inc. v. Dixit*, Case No. 8:18-cv-2608-T-23AAS, 2019 WL 1490230 (M.D. Fla. Apr. 4, 2019).

4

1255 (11th Cir. 2010) (citation omitted). Although a complaint need not contain detailed factual allegations, conclusory allegations are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 55, 570 (citations omitted); *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Iqbal*, 556 U.S. at 679.

IV. **ANALYSIS**

Mr. Howarth's fourth amended complaint alleges false arrest and a violation of his Fourth Amendment rights under 42 U.S.C. § 1983. In its motion to dismiss, the City claims (1) Mr. Howarth did not fulfill the notice requirements outlined in Florida Statute § 768.28(6)(c) and that, since the notice is not valid, Howarth's claim falls outside the statute of limitation outlined by Florida Statute § 768.28(6)(b); and (2) Mr. Howarth fails to state a cause of action for false arrest and the violation of his Fourth Amendment rights under 42 U.S.C. § 1983. The Court will address each of the City's arguments in turn.

### A. Requirements under Florida Statute § 768.28

To sue the state of Florida or a state agency, the claimant first must give notice. Fla. Stat. § 768.28 (2017). Section 768.28(6)(c) states:

> The claimant shall also provide to the agency the claimant's date and place of birth and social security number if the claimant is an individual, or a federal identification number if the claimant is not an individual. The claimant shall also state the case style, tribunal, the nature and amount of all adjudicated penalties, fines, fees, victim restitution fund, and other judgments in excess of $200, whether imposed by a civil, criminal, or administrative tribunal, owed by the claimant to the state, its agency, officer or subdivision. If there exists no prior adjudicated unpaid claim in excess of $200, the claimant shall so state.

Fla. Stat. § 768.28(6)(c). Furthermore, these statutorily required notices are "conditions precedent to maintaining an action." Fla. Stat. § 768.28(6)(b). The notice provision requires strict compliance. *See Maynard v. State of Fla., Dep't of Corrections*, 864 So. 2d 1232, 1234 (Fla. 4th DCA 2004). While the notice is statutorily required, "the form of the notice is not specified." *Aitcheson v. Fla. Dep't of Highway Safety and Motor Vehicles*, 117 So. 3d 854, 856 (Fla. 4th DCA 2013) (citation omitted).

The City states Mr. Howarth failed to list his birth date, social security number, and whether he has any prior adjudicated claims over two hundred dollars.[2] (Doc. 23 at 7–8). If the notice is missing elements such as social security number, birth date, or even the claimant's name, the notice can still be valid if it sufficiently describes the occurrence so the agency may investigate it. *See Aitcheson*, 117 So. 3d at 856–57 (explaining lack of plaintiff's name on the notice does not prevent the city from having notice of the accident central to the litigation); *Williams v. Henderson*, 687 So. 2d 838, 839 (Fla. 2d DCA 1996) (holding lack of birth date and social security numbers on notices does not invalidate the notice). Therefore, the lack of Mr. Howarth's birth date or social security number is not fatal to his claim.

---

[2] The plaintiff's notice provides no information on prior adjudicated claims as the defendant's motion stated. However, this failure does not affect the validity of his notice because the purpose of the notice is to provide the state or state agency with adequate notice about the claims to be able to investigate and respond. *LaRiviere v. S. Broward Hosp. Dist.*, 889 So. 2d 972, 974 (Fla. 4th DCA 2004). Prior adjudicated claims can help provide identifying information about the person seeking to sue the state or state agency, but Mr. Howarth's letter provided enough information to identify him with his name, address, and phone number. (Doc. 21-1)

The City argues Mr. Howarth's notice does not include enough information for the city to investigate properly his claims, and that Mr. Howarth refers only to general grievances. (Doc. 23 at 8). While Mr. Howarth's notice does not include certain elements listed by Florida Statute § 768.28(6), it does "sufficiently describe the occurrence so the agency may investigate it further." *Aitcheson*, 117 So. 3d at 856. In the notice, Mr. Howarth explained to the City that he intends to amend his initial complaint to bring additional grievances. (Doc. 23 at 15). Additionally, Mr. Howarth described the crime with which he was charged, provided the arresting officer's name, and explained he was booked and had to post bail—all of which provided details to the City that would allow it to search its records to investigate the incident. (*Id.*). By providing this information, the City was on notice of the incidents for which Howarth would be seeking to bring claims against the City.

The City then argues Mr. Howarth's claim falls outside the statute of limitations dictated by Florida Statute § 768.28(6)(a) because Mr. Howarth provided inadequate notice and so provided no notice before the three years statute of limitations ended. (Doc. 23 at 9). A claimant must present the claim in writing to the appropriate agency within three years after such claim accrues. Fla. Stat. § 768.28(6)(a) (2017). The City's position lacks merit because Mr. Howarth provided the City with a valid notice on August 20, 2016. (Doc. 21-1).

The City also argues Mr. Howarth's notice fails because he had already begun a suit against the City when he sent the notice. Florida Statute § 768.28(6)(a) requires notice before beginning a suit. Mr. Howarth did file suit against the City on

7

June 23, 2016 without giving notice, but those claims were dismissed without prejudice. (Doc. 1 in *Howarth I*). The Florida statute requires that the claimant receive either a denial of his claim or that six months must have passed before the claimant can bring a suit in court against the state or state agency. Fla. Stat. 768.28(6)(d). Mr. Howarth provided notice to the City on August 20, 2016, and ten months later (June 5, 2017), Mr. Howarth amended his complaint to include the claims described in the notice. (Doc. 25 at 3).

The City argues Mr. Howarth failed to file his notice of claim within a timely manner and is barred from moving forward on his claim. (Doc. 23 at 9). "A bar based on accrual and alleged untimeliness, whether under section 768.28(6) or section 95.11(4)(b), ordinarily should be pled as an affirmative defense and is not appropriate for disposition on the face of the complaint." *Cabral v. City of Miami Beach*, 76 So. 3d 324, 326 (Fla. 3d DCA 2011). With a motion to dismiss, the court reviews the allegations of the complaint, and when there is adequate showing of proper notice, the burden shifts to the defendants "to deny with specificity and particularity that the required notices were given" either as a summary judgment motion or a motion for judgment on the pleadings. *Ashley v. Lamar*, 468 So. 2d 433, 433 (Fla. 1st DCA 1985). Mr. Howarth argues the City's arguments about statute of limitations are improper grounds for a motion to dismiss. (Doc. 25 at 4). Even though the City's argument is premature, Mr. Howarth's notice satisfies the statutory requirements of Florida Statute § 768.28.

**B. Failure to State a Claim**

1. <u>Fourth Amendment Violation</u>

   i. *Municipality's Policy or Custom*

No person acting under color of law, including municipalities and local governments, may violate an individual's constitutional rights. 42 U.S.C. § 1983 (1996); *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). A municipality cannot be held liable under the theory of respondeat superior—the doctrine that holds an employer responsible for an employee's wrongful acts committed within the scope of employment. *Monell*, 436 U.S. at 691; *Black's Law Dictionary* 1505 (10th ed. 2014). Instead, a Section 1983 plaintiff must allege the local government has an official policy or custom that led to a violation of the plaintiff's federal rights. *Monell*, 435 U.S. at 694–95.

Naked assertions that a municipality or county has a policy or custom are insufficient to state a plausible claim for relief under Section 1983. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1329–30 (11th Cir. 2015) (citations omitted) (holding a single incident by two deputies failed to sufficiently allege a policy or custom under Section 1983); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality) (holding one incident cannot impose liability against a municipality when the city's policy is itself constitutional).

Mr. Howarth alleges in his fourth amended complaint that the City has had a "custom or policy of harassment against [him] personally and with regard to his rental properties." (Doc. 21, ¶6). Mr. Howarth alleges that this policy or custom of

9

harassment has violated his Fourth Amendment protections against unreasonable seizures. (*Id.*). In support of these allegations, Mr. Howarth listed the twelve specific examples of actions allegedly taken by the City against Mr. Howarth. (*Id.* at ¶6 (A–L)). After removing the conclusory allegations, Mr. Howarth's factual claims state a claim for relief by showing that the City allegedly prevented repairs to his mobile homes, arrested him for allegedly burglarizing his own property, and submitted an inaccurate police report. Therefore, Mr. Howarth alleges enough facts to proceed with his claim the City has an official policy or custom that resulted in a violation of his Fourth Amendment rights.

ii. *Legal Sufficiency of Fourth-Amendment Claim*

The Fourth Amendment protects individuals and their property from unreasonable searches and seizures. U.S. Const. amend. IV. A false arrest claim violates the U.S. Constitution and is a viable claim under Section 1983 if the arrest occurs without a warrant and lacks probable cause. *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010); *Ortega v. Christian*, 85 F.3d 1521, 1525–26 (11th Cir. 1996).

"Probable cause to arrest exists when an arrest is objectively reasonable based on the totality of the circumstances." *Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004) (citation omitted). An arrest is objectively reasonable if the facts and circumstances available to the officer, through trustworthy information, would lead a prudent person to believe that the accused committed, will commit, or

has committed a crime. *Williamson v. Mills*, 65 F.3d 155, 158 (11th Cir. 1996) (citation omitted).

Mr. Howarth alleges he was arrested without a warrant, (Doc. 21, ¶10), for burglary of an occupied dwelling, which requires the burglar to enter or remain in the dwelling with another person present. (Doc. 21, ¶8 (citing Fla. Stat. § 810.02(3)(a) (2017))). This incident occurred in a dwelling for which Mr. Howarth was the owner of record and it was not currently rented to anyone. (Doc. 21, ¶8–9). Mr. Howarth's complaint provides sufficient facts for a plausible claim that the arresting officer lacked probable cause and an arrest warrant to arrest Mr. Howarth for violating Florida Statute § 810.02(3)(a). Mr. Howarth therefore provides enough facts to survive the City's motion to dismiss because he states a plausible Fourth Amendment violation.

2. False Arrest under Florida Law

Mr. Howarth alleges the City falsely arrested him. "False arrest is defined as the unlawful restraint of a person against that person's will." *Willingham v. City of Orlando*, 929 So. 2d 43, 48 (Fla. 5th DCA 2006). A claim for false arrest "turns on whether the officer possessed probable cause to make the arrest, not on what occurred after the arrest." *Miami-Dade Cty. v. Asad*, 78 So. 3d 660, 668 (Fla. 3d DCA 2012). Probable cause exists when the circumstances are sufficient to cause a reasonably cautious person to believe that the person accused is guilty of the offense charged. *Mailly v. Jenne,* 867 So. 2d 1250, 1251 (Fla. 4th DCA 2004). Probable cause

11

is evaluated from the viewpoint of a prudent, cautious police officer on the scene at the time of the arrest. *State v. Riehl*, 504 So. 2d 798, 800 (Fla. 2d DCA 1987).

As a third-degree felony, Florida defines burglary as "[e]ntering a dwelling . . . with the intent to commit an offense therein." Fla. Stat. § 810.02(1)(b) (2017). Florida also increases the felony to second degree if the burglar enters or remains in the dwelling with another person present. Fla. Stat. §810.02 (3)(a) (2017). Mr. Howarth specifically alleges that he was arrested for second degree burglary. (Doc. 21, ¶8). However, Mr. Howarth was arrested for entering his unoccupied rental. (Doc. 21, ¶8–9). Given these factual allegations and at this procedural stage in the litigation, the court can infer that a prudent, cautious police officer lacked probable cause for arresting Mr. Howarth for allegedly violating Florida Statute § 810.02(3)(a). Mr. Howarth's factual allegations made by Mr. Howarth are sufficient to proceed with his claim for false arrest under Florida law.

## V. CONCLUSION

Mr. Howarth's notice to the City complies with the statutory requirements of Florida Statute § 768.28. Additionally, Mr. Howarth's fourth amended complaint states a plausible claim for relief under federal and state law. The City's motion to dismiss Mr. Howarth's fourth amended complaint is **DENIED**.

**ENTERED** in Tampa, Florida, on August 20, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge